# Richmond & Danville Railroad Co. v. Thomason,

*Action for Damages by Brakeman for Personal Injuries.*

1. *Contributory negligence in uncoupling cars; violation of known rule.*—A brakeman on a railroad, who, in violation of a known rule of the company, and without excuse, attempts to uncouple cars while in motion, and injury results therefrom, is guilty of contributory negligence ; and when the evidence shows that had he observed the rules of the company the negligence charged against his co-employees would not have caused the injury complained of, the general affirmative charge should be given for the defendant.

APPEAL from the City Court of Anniston.

Tried before the Hon. B. F. CASSADY.

This was an action brought by the appellee, Jeff. Thomason, against the Richmond & Danville Railroad Company, and sought to recover damages for personal injuries alleged to have been inflicted upon the plaintiff by reason of the negligence of his co-employees. The facts of the case are sufficiently stated in the opinion. Among other charges requested by the defendant, and to the refusal to give which the defendant separately excepted, was the following : "The court charges the jury that if they believe the evidence they must find for the defendant." There was judgment for the plaintiff, and the defendant appeals.

KNOX & BOWIE and JOHN PELHAM, for appellant. The general affirmative charge asked by the defendant should have been given.—*Pryor v. L. & N. R. R. Co.*, 90 Ala. 32.

BLACKWELL & KEITH, *contra.*—There was certainly enough in plaintiff's case, as shown by the evidence, to submit it to the jury.—*R. & D. R. R. Co. v. Rudd*, 14 S. E. Rep. 361.

COLEMAN, J.—The plaintiff, Jeff. Thomason, an employee as brakeman of the defendant, while endeavoring to uncouple certain cars in the course of his employment, fell between the cars and was run over and injured. It is charged in the first count that the engineer "negligently and carelessly and wrongfully stopped the train of cars with a sudden jerk, by which plaintiff, without fault, was thrown

off the cars;" and that he "negligently, carelessly and wrong-fully started the train again after plaintiff fell, and before plaintiff could extricate himself from his dangerous posi-tion." In the second count, the negligence charged is that of the yard-master, in causing said train "to be suddenly stopped with a jerk, by which the plaintiff was hurled or pitched off the car on which he was standing," &c. The court was requested in writing to give the general affirma-tive charge in favor of the defendant. This charge was re-fused. If the court erred in refusing this charge, it is un-necessary to consider any other assignment of error.

The case was tried upon the evidence introduced by plaintiff, and that brought out by defendant on cross-exam-ination. It is not contended that either the engineer or yard-master was guilty of more than simple negligence. We need not, and do not, decide whether either the engineer or yard-master was guilty of the negligence as charged in the complaint. Conceding this point for the argument, does the uncontroverted evidence show that plaintiff was guilty of such contributory negligence as to destroy his right to recover? The plaintiff for himself testified, that the "train was going between twelve and fifteen miles an hour;" and the witness, Swope, "at fifteen miles an hour," while the yard-master, Leach, testifies that the train was moving at five or six miles per hour. Leach did not see plaintiff's position at the time he fell. Both plaintiff and the witness Swope testify, that while the train was moving, the plaintiff was standing on a foot-board between the cars; that he was holding on to one car with one hand, and "lean-ing over," or, as testified to by one witness, "reaching over," with the other hand to uncouple the car, when the train came to a sudden stop, precipitating the plaintiff down be-tween the cars, where he was injured. While plaintiff was on the stand as a witness in his own behalf, Rule J. of the company was read to him in the presence of the jury, and he was asked by defendant's attorney, if he knew such to be the rule of the company governing employees? This rule, among other things, provides that "any employee going be-tween cars . . for the purpose of coupling or uncoupling cars, while the train is in motion, does so at his own risk, and against the rules of the company, and will be immedi-ately discharged from its service," &c. Plaintiff's own testimony showed that when injured he had been in the em-ployment of the company only seven or eight days, and that during his last term of employment he had not been in-structed in the rules of the company, but had been fully

instructed during a former service of employment by the defendant, and "that he knew it was against the rules of the company to go between the cars to uncouple them while they were moving." He testified that he had never seen Rule J., and so far as he knew no one had read this particular rule to him; that "he had never heard any rule against uncoupling cars in the manner in which he was doing it at the time he was hurt," but that "he did know the rules of the company prohibited coupling or uncoupling cars while in motion, and without using a stick;" that "he did not have a stick; cars can not be uncoupled with a stick;" that he "could have effected the uncoupling of the car with safety in the manner undertaken by him, if the car had not been suddenly stopped." The plaintiff further testified, that the train had stopped a few minutes before, at which time he had the opportunity to uncouple the cars with safety, and that if he had waited until the cars stopped again, he could have uncoupled them with safety. There is no evidence to show that he was under any duty or that there was any apparent necessity, to attempt to uncouple the cars at the time and place when and where he was injured, or for exposing himself in so perilous a position, when the train was suddenly stopped. We have omitted from this statement of facts all the evidence further tending to show contributory negligence on his part, as, under our practice in jury trials, the general charge should never be given, if there is any evidence tending to support a conclusion contrary to that asserted by a general affirmative charge. Considered from a standpoint most favorable to plaintiff, we must hold him guilty of contributory negligence. Although he testified that he had never seen Rule J., and did not remember that that particular rule was ever read to him, he did testify repeatedly that, when formerly in the service of the defendant, he had been instructed in the rules of the company, and that independent of Rule J., he knew that it was against the rules of the company "to uncouple cars while in motion," and there is no excuse given for disobeying the rules in this instance. It is clear that plaintiff was knowingly violating a rule of the company at the time he was injured, and without excuse, and that had he observed the rules of the defendant the negligence charged against the engineer or yard-master, if proven (and upon this we express no opinion), would not have caused the injury.

We will not comment on other evidence in the case, as it might unduly prejudice the plaintiff on another trial. Upon the facts, as stated in the record, the plaintiff was

[Alabama State Land Co. v. Kyle et al.]

guilty of contributory negligence, and the defendant was entitled to the general charge.

Reversed and remanded.